**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **William Young,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No. DLB-24-2130** |
| **State Farm Mutual Automobile Insurance Co.,** | * | |
| | * | |
| **Defendant.** | | |

**MEMORANDUM OPINION**

William Young, who is proceeding without counsel, sued State Farm Mutual Automobile Insurance Company ("State Farm") in state court for deceptive business practices, fraud, breach of contract, intentional infliction of emotional destress, negligence, defamation, and tortious interference. State Farm removed the case to this Court. Pending before the Court are several motions filed by Young: motion to remand, ECF 12; motion to vacate, ECF 13; three motions to strike, ECF 14, 25, & 29; motion to challenge jurisdiction, ECF 23; motion to stay, ECF 24; motion for leave to file a third amended complaint, ECF 41; motion to withdraw the motion for leave to file a third amended complaint (ECF 41), ECF 48; and another motion for leave to file a third amended complaint, ECF 50.[1] State Farm has moved for leave to file an amended opposition to Young's motion to remand, ECF 16, and has moved to dismiss Young's second amended complaint, ECF 26. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2023).

For the following reasons, Young's motions to remand, vacate, strike, challenge jurisdiction, and stay are denied; Young's motion to withdraw, ECF 48, is granted; and Young's

---

[1] Young styles the motions at ECF 41 and ECF 50 as motions for leave to file a "second" amended complaint. The Court refers to them as motions for leave to file a third amended complaint because Young already amended his complaint in state court twice. *See* ECF 3 & 4.

motion for leave to file a third amended complaint, ECF 41, is withdrawn. State Farm's motion for leave to file an amended opposition to Young's motion to remand is granted.[2] State Farm's motion to dismiss, ECF 26, and Young's motion for leave to file a third amended complaint, ECF 50, remain pending.

## I.       Relevant Background

On February 15, 2024, Young filed a complaint against State Farm in the Circuit Court for Prince George's County, Maryland, asserting state law claims and demanding $500,000 in compensatory damages. ECF 2; ECF 20-4, at 2. On March 29, 2024, Young filed an amended complaint in the circuit court. ECF 20-4, at 3. Before amending his complaint, Young did not serve his original complaint on State Farm. *See* ECF 1, at 1–2 ¶ 1. On April 8, 2024, Young effected service of the amended complaint on State Farm by mailing the summons and amended complaint to the company's former CEO, Michael Tipsord, at corporate headquarters via the U.S. Postal Service. *See* ECF 20-2, at 14; *see also* ECF 20-3, at 2 ¶¶ 4, 6 (Taylor Aff.). In his amended complaint, Young asserted state law claims, but he did not include an *ad damnum* clause stating the amount of damages he sought as required by Maryland Rule 2-305. ECF 3. On June 5, 2024, State Farm moved to strike the amended complaint for failing to state the amount of damages sought. ECF 20-5. On June 26, 2024, Young signed and mailed State Farm a second amended complaint. ECF 1-1, at 15; ECF 4, at 4. In his second amended complaint, Young included an *ad damnum* clause requesting "damages in excess of $500,000.00." ECF 4, at 3. Young also provided a copy to the state court, but on July 2, 2024, the state court rejected Young's second amended

---

[2] In reviewing the briefing, the Court is mindful that "*pro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). Accordingly, the Court must "construe pro se filings liberally." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

complaint because he did not provide a redlined copy or a certificate of service for an accompanying memorandum of fact. ECF 20-8. On July 5, 2024, Young filed his second amended complaint and a redlined version. ECF 4-1, at 1–8. After the second amended complaint was filed properly, the state court granted State Farm's motion to strike Young's amended complaint in a July 9, 2024 order docketed on July 10, 2024. ECF 20-6. On July 23, 2024, State Farm removed the case to this Court based on diversity jurisdiction. *See* ECF 1, at 4 ¶ 12; 28 U.S.C. § 1332(a).

## II.   Discussion

### A.  Motion to Remand

On July 31, 2024, Young filed a motion to remand the case to state court. ECF 12. State Farm filed an opposition, ECF 15, and a motion for leave to file an amended opposition, ECF 16. Young then filed an opposition to State Farm's motion to amend its opposition. ECF 19. State Farm's motion for leave to amend its opposition to Young's motion to remand, ECF 16, is granted. The amended opposition, ECF 20, addresses the defects in filings attached to State Farm's original opposition that Young later identified. *See, e.g.*, ECF 25, at 1–2 ¶¶ 3–7. State Farm cured the alleged defects by amending its opposition and attaching a valid affidavit. *See* ECF 20 & 20-3.

In his motion to remand, Young challenges State Farm's removal primarily on three grounds: (1) that State Farm filed its notice of removal more than 30 days after Young served State Farm with a complaint;  (2) that the Court lacks subject-matter jurisdiction over the case; and (3) that not all defendants consented to removal. None of these challenges has merit.

### 1.  Timeliness

Young argues that State Farm filed its notice of removal too late. ECF 12, at 1 ¶¶ 4–6. To remove a civil action from state to federal court, a defendant must file a notice of removal within 30 days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). However, "if the case stated by

the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). "The purpose of this requirement is to ensure that a defendant receives adequate notice that a case is removable before being subject to the 30-day deadline to file its removal notice." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 187 (4th Cir. 2017).

State Farm removed the case to this Court based on diversity jurisdiction. Diversity jurisdiction exists when there is "complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant," and the amount in controversy exceeds $75,000. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

State Farm could ascertain the parties were diverse as early as April 8, 2024, when Young served State Farm with his amended complaint—the summons listed Young's Tennessee address, and State Farm knew its own citizenship then. ECF 20-2, at 2, 4. But the amended complaint did not include an *ad damnum* clause, so State Farm could not ascertain the amount in controversy then. It was not until State Farm received Young's second amended complaint seeking damages "in excess of $500,000.00," ECF 20-7, at 3, which Young mailed to State Farm on June 26, 2024, that State Farm learned the amount in controversy and first ascertained that the case was removable. Less than 30 days later, State Farm timely removed the case to this Court.

Young argues removal was untimely because State Farm removed the case more than 30 days after State Farm received his "initial Summons and Complaint" on April 8, 2024. ECF 12, at 1; ECF 12-1, at 1 ¶ 3 (Young Aff.). Young does not clarify whether "initial Summons and

4

Complaint" refers to his original complaint filed on February 15 or his amended complaint filed on April 8. State Farm says it received on April 8 Young's amended complaint, not his original complaint. *See* ECF 20-3, at 2 ¶¶ 6, 8. This apparent disagreement does not matter. Even if, on April 8, State Farm received both the original complaint (which demanded $500,000) and the amended complaint (which did not include the amount of damages demanded), State Farm could not ascertain the amount in controversy from the original complaint because the amended complaint superseded the original complaint and became the operative complaint. In Maryland courts, "[f]or pleading purposes, an amended complaint that does not incorporate or otherwise reference a prior complaint supersedes prior complaints and becomes the operative complaint." *State Center, LLC v. Lexington Charles Ltd. P'ship*, 92 A.3d 400, 437 (Md. 2014) (alteration in original) (quoting *MEMC Elec. Materials, Inc. v. BP Solar Int'l, Inc.*, 9 A.3d 508, 526 (Md. Ct. App. 2010)). In his amended complaint, Young did not incorporate or refer to his original complaint. *See* ECF 3. Because the amended complaint was the operative complaint and it did not include the amount of damages Young sought, State Farm could not ascertain a basis for removal when it received the amended complaint on April 8. It was not until June 26, 2024, at the earliest, when Young first sent State Farm his second amended complaint demanding more than $75,000 in damages, that State Farm had grounds to remove the case based on diversity jurisdiction. Less than 30 days later, State Farm filed its notice of removal. Removal was timely.

## 2. Subject-Matter Jurisdiction

Young argues that this Court does not have subject-matter jurisdiction over this case. ECF 12-1, at 2 ¶ 5; ECF 40, at 1 ¶ 1. "[O]n a challenge of jurisdictional allegations, '[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.'" *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (second alteration in original)

(quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). However, "this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Id.*

State Farm has established diversity jurisdiction. At the time of removal, the amount in controversy exceeded $75,000. *See* ECF 4-1, at 4. And the parties are diverse. For purposes of determining the parties' citizenship, a natural person is deemed a citizen of the State in which he or she is domiciled. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). State Farm alleges that Young is a citizen of Tennessee. *See* ECF 1, at 4 ¶ 13; ECF 20, at 4. Young represents that his domicile is Memphis, Tennessee. ECF 13-4, at 2. His current address on file with the Court is Memphis, Tennessee. *See* Loc. R. 102.1(b)(iii) (requiring self-represented litigants to keep a current address on file with the Clerk of the Court). Young is a citizen of Tennessee. State Farm, a corporation, is deemed a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). State Farm represents that it is incorporated in Illinois and has a principal place of business in Illinois. *See* ECF 1, at 4 ¶ 13; ECF 20, at 4–5. Young acknowledges that State Farm's principal place of business in Illinois, ECF 50-1, at 2 ¶ 1, and he does not challenge that State Farm is incorporated in Illinois. State Farm is a citizen of Illinois. There is complete diversity of citizenship. The Court has diversity jurisdiction.[3]

---

[3] In his proposed third amended complaint, Young states that he resides in Prince George's County, Maryland. ECF 50-1, at 2 ¶ 1. This allegation does not defeat diversity of citizenship. "[F]ederal jurisdiction . . . is fixed at the time the complaint or notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008). Even if Young had been a citizen of Maryland, not Tennessee, at the time of removal, the parties still would be diverse because Young would not share State Farm's Illinois citizenship.

### 3. Unanimous Consent

Young also argues that the case should be remanded because State Farm removed the case without first obtaining the consent of the other defendant, Michael Tipsord, former State Farm CEO. ECF 12-1, at 1–2 ¶ 4. Generally, to remove a civil action based on a federal court's original jurisdiction over the matter, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A). Tipsord's consent was not required because Tipsord was never "properly joined and served" as an individual defendant. Young served only State Farm, and he did so by serving a complaint and summons on State Farm's CEO, whom Young identified in the summons as Tipsord. ECF 20-2, at 2, 4. Young confirms in his affidavit that he served State Farm through Tipsord. ECF 12-1, at 1 ¶ 2. However, there is no evidence that Young ever served Tipsord separately in his individual capacity. Because the "unanimous consent" rule of § 1446(b)(2)(A) applies only to defendants "who have been properly joined and served" and because Tipsord was not "properly joined and served," State Farm did not have to obtain Tipsord's consent before it removed the case to this Court. Young's request to remand on this ground is denied.

Young's motion to remand is denied.

### B. Motion to Vacate

Young moved to vacate the state court's order granting State Farm's motion to strike his amended complaint. ECF 13. State Farm opposed. ECF 17. The amended complaint was superseded by Young's second amended complaint, which became the operative pleading when it was properly filed on July 5, 2024, before the state court entered its order striking the amended

complaint. *See State Center*, 92 A.3d at 437. Because the state court's order struck the superseded amended complaint, Young's motion to vacate is denied as moot.

### C. Motions Challenging State Farm's Filings

#### 1. Authority of State Farm's Counsel

Young frequently argues that State Farm's filings are invalid because State Farm's counsel does not have power of attorney and is not otherwise authorized to file documents in this Court. *See, e.g.*, ECF 14, at 2–3 ¶¶ 1.2, 3.1; ECF 23, at 1 ¶ 2. These arguments have no merit. State Farm's counsel is the attorney of record in this case, ECF 1-7, and is authorized to take actions necessary to represent State Farm, including filing documents in this Court, *see* Md. Att'ys, R. Prof. Conduct 19-301.2(a) (Maryland rule of professional conduct authorizing attorneys to take action impliedly authorized to carry out representation of client); Loc. R. 704 (applying Maryland Rules of Professional Conduct). State Farm's filings through counsel of record are valid.

#### 2. Improper Service

Young frequently asks the Court to strike documents filed by State Farm's counsel because the documents have not been properly served on Young. *See, e.g.*, ECF 22-1, at 2 ¶ 4 (Young Aff.); ECF 25, at 1 ¶ 2. Young argues that Maryland and federal rules require that service of legal documents be made "either personally, via certified mail, or through another form of service that provides proof of delivery." ECF 22-1, at 2 ¶ 4 (emphasis removed). The Federal Rules of Civil Procedure and Local Rules of this Court permit service of court documents by mailing the document to the person's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C); Loc. R. 102.1(c). All of State Farm's documents, except its motion to dismiss, ECF 26, include a certificate of service that State Farm mailed the filing to Young's last known address.

Young also asks the Court to strike State Farm's motion to dismiss due to improper service. ECF 29, at 2. State Farm attempted to serve this motion on Young via the Court's electronic filing system, CM/ECF, not by mail. *See* ECF 26, at 11. Although the Federal Rules of Civil Procedure and Local Rules of this Court generally permit service to represented parties by electronic means, *see* Fed. R. Civ. P. 5(b)(2)(E); Loc. R. 102.1(c), self-represented parties like Young must consent to receive notice of electronic filings, *see* Standing Order 2018-05 (D. Md. 2018). Young has not consented. ECF 49-1, at 1 ¶ 1 (Young Aff.). Even so, there is no doubt that Young knew State Farm filed a motion to dismiss or that he received the motion. The Court notified him that the motion to dismiss had been filed, ECF 27, and Young has filed two substantive responses in opposition to the motion, ECF 28 & 31. Under these circumstances, the Court is satisfied that Young has received notice of the motion, has had an opportunity to review it and respond to it, and will not be prejudiced by the error in service. The Court will not strike the motion to dismiss. Going forward, State Farm should serve Young by mail if he does not consent to receiving notice via CM/ECF.

### 3.  Maryland Agent

Finally, Young argues that State Farm lacks "standing" because Young could not locate a registered agent within the state of Maryland for service of process. *See* ECF 22-1, at 2 ¶ 5; *see also, e.g.*, ECF 23, at 1 ¶ 3. Under Maryland law, State Farm is required to appoint the state insurance commissioner as its "attorney in fact" for service of process. ECF 35, at 2 (citing Md. Code Ann., Ins. § 4-107(a)). State Farm has apparently complied with that law, ECF 35, at 2, and Young has not alleged otherwise. Moreover, Young served State Farm at its corporate headquarters in Illinois. *See* ECF 20-2, at 2, 4, 14. State Farm does not lack "standing" in this case.

Young's motion to strike documents filed by State Farm's attorney, ECF 14; motion to challenge jurisdiction, ECF 23; motion to stay, ECF 24; motion to strike State Farm's filings, ECF 25; and motion to strike State Farm's motion to dismiss, ECF 29, are denied.

### D.  Motion for Leave to File a Third Amended Complaint

Young, through an "Authorized Representative," ECF 48, at 1 ¶ 1, moved for leave to file a third amended complaint on September 16, 2024, ECF 41. The Clerk's Office advised Young that the representative was not a member in good standing of this Court's bar and had not entered an appearance in this case. ECF 42. Young then moved to withdraw the motion and to refile it without the assistance of counsel. ECF 48. That motion is granted. Young's September 16, 2024 motion for leave to file a third amended complaint, ECF 41, is withdrawn. Young's September 30, 2024 motion for leave to file a third amended complaint, ECF 50, is pending.

### E.  Pending Motions

Two pending motions remain: State Farm's motion to dismiss, ECF 26, and Young's motion for leave to file a third amended complaint, ECF 50. The motion to dismiss is fully briefed. *See* ECF 26, 28, 31, & 46. Neither party may file additional briefing on the motion to dismiss unless directed to do so by the Court. The motion for leave to file a third amended complaint, ECF 50, is not ripe. State Farm has filed an opposition to the motion, ECF 51, and Young may file a reply to State Farm's opposition in accordance with the Local Rules. No additional motions or briefing should be filed until the Court resolves these two pending motions unless the Court orders otherwise.

### III.    Conclusion

Young's motion to remand, ECF 12, is denied. The Court also denies Young's motions to vacate (ECF 13), strike (ECF 14, 25, & 29), challenge jurisdiction (ECF 23), and stay (ECF 24).

State Farm's motion for leave to file an amended opposition to Young's motion to remand, ECF 16, and Young's motion to withdraw his motion for leave to file a third amended complaint, ECF 48, are granted. Young's motion for leave to file a third amended complaint, ECF 41, is withdrawn. Young may a file a reply in support of his motion for leave to file a third amended complaint, ECF 50, in accordance with the Local Rules. Unless the Court orders otherwise, the parties should not file any other motions or briefing until the Court resolves Young's motion for leave to file a third amended complaint, ECF 50, and State Farm's motion to dismiss, ECF 26. A separate order follows.


Date: October 16, 2024

Deborah L. Boardman
United States District Judge

11