**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **WILLIAM YOUNG,** | * |
| Plaintiff, | * |
| v. | *   Civ. No. DLB-24-2130 |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** *et al.* | * |
| | * |
| Defendants. | |

**MEMORANDUM OPINION**

William Young, who is proceeding without counsel, sued State Farm Mutual Automobile Insurance Company ("State Farm") and its CEO for deceptive business practices, fraud, breach of contract, intentional infliction of emotional distress, negligence, defamation, and tortious interference with business relations under Maryland law. Young moves for leave to file a third amended complaint,[1] and State Farm moves to dismiss the complaint. For the following reasons, the Court grants Young's motion for leave to file a third amended complaint and State Farm's motion to dismiss. Young's claims are dismissed with prejudice.

**I.  Background**

The Court accepts the following well-pleaded factual allegations as true.[2]

---

[1] Young styles his motion as a motion for leave to file a "second" amended complaint. *See* ECF 50. It is actually a motion for leave to file a third amended complaint because Young already filed two amended complaints in state court. *See* ECF 3 & 4. So the Court refers to the motion at ECF 50 as a motion for leave to file a third amended complaint.

[2] Because the Court grants Young's motion for leave to file a third amended complaint, ECF 50, the Court cites the factual allegations contained in that pleading, ECF 50-1. The second amended complaint does not contain any narrative facts. *See* ECF 4. And the facts re-alleged in the third amended complaint are the same as those alleged in Young's first two complaints. *See* ECF 1 & 2. State Farm responded to these allegations in its motion to dismiss and opposition to Young's motion for leave to file a third amended complaint. *See* ECF 26 & 51.

Young alleges that on or about January 5, 2023, "an accident allegedly occurred in the parking lot of a CVS Pharmacy" located in Largo, Maryland. ECF 50-1, at 2. Young claims that State Farm "wrongfully reported the incident to the National Accident Reporting Agency (Lexis Nexis) without conducting a proper investigation." *Id.* Young states that he was a customer of Progressive Auto Insurance ("Progressive") at the time. *Id.* at 3. Neither State Farm nor Progressive notified Young of the claim. *Id.* Young did not learn about the claim until Progressive later demanded Young pay a fee of $2,500 or risk cancellation of his insurance policy. *Id.*

Young owns a trucking business and must carry insurance under Federal Motor Carrier Safety Administration ("FMCSA") guidelines. *Id.* Young claims that "[d]ue to this wrongful reporting and mishandling," his insurance was canceled and he "suffered severe harm, including loss of business, financial injury, damage to reputation, and emotional distress." *Id.* And Young claims that State Farm later determined the accident report was false and issued Young an apology. *Id.* Young insists that State Farm irreparably damaged his livelihood and reputation. *Id.*

On February 15, 2024, Young filed a complaint against State Farm in the Circuit Court for Prince George's County, Maryland, asserting state law claims and demanding $500,000 in compensatory damages. ECF 2; ECF 20-4, at 2. On July 23, 2024, State Farm removed the case to this Court based on diversity jurisdiction. *See* ECF 1, at 4 ¶ 12. The second amended complaint, ECF 4, and the proposed third amended complaint, ECF 50-1, allege the same seven counts: deceptive business practices (Count I), fraud (Count II), breach of contract (Count III), intentional infliction of emotional distress (Count IV), negligence (Count V), defamation (Count VI), and tortious interference with business relationships (Count VII). ECF 4, at 3–4; ECF 50-1, at 3–4. Young seeks compensatory damages and attorney's fees and costs. ECF 4, at 4; ECF 50-1, at 3–4.

On August 28, 2024, State Farm moved to dismiss the second amended complaint for failure to state a claim. ECF 26. Young opposed the motion and filed a separate motion for leave to amend. ECF 28 & 50. The motions are fully briefed. *See* ECF 28, 46, 51, 54. Young later filed a motion to expedite rulings on his pending motions. ECF 55. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).

II.  **Motion for Leave to Amend**

Young seeks to amend his complaint a third time. ECF 50. A plaintiff may amend their complaint once as a matter of course. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing Fed. R. Civ. P. 15(a)). After the defendant has filed a responsive pleading or more than 21 days have passed since the defendant filed a motion to dismiss, as is the case here, the plaintiff may amend only with the consent of the defendant or by leave of the court. *Id.* "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In his proposed third amended complaint, Young does not substantively amend any legal claims. Rather, he clarifies his prayer for relief and re-alleges or clarifies factual allegations that were largely contained in his two initial complaints. *See* ECF 50-1, at 7; *see also* ECF 2, 3.

Ordinarily, the Court would not find justice requires the opportunity to amend a complaint after the plaintiff was afforded plenty of time to amend and after a motion to dismiss has been fully briefed. However, Young is proceeding pro se. It is in the interests of justice for the Court to review the allegations that he would like to present now that he has had ample opportunity to consider State Farm's arguments. Notably, Young has consistently sought $500,000 in total damages and has alleged the same narrative facts since his initial complaint in state court. Granting leave to amend will not prejudice State Farm; his proposed amendments are modest and State Farm has

3

had the opportunity to respond to them. The Court can consider State Farm's motion to dismiss as it applies to the third amended complaint. Young's motion to amend is granted.

### III.     Motion to Dismiss

State Farm moves to dismiss Young's complaint. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Baltimore County*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

Complaints drafted by self-represented plaintiffs like Young "are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, a court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [a court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" a court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber*, 438 F.3d at 413 n.3). Thus,

a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016)).

In deciding whether Young's complaint survives State Farm's motion to dismiss, the Court considers the arguments in the briefing on the motion to dismiss and the motion for leave to amend.

### 1. Count I: Deceptive Business Practices

The Maryland Consumer Practices Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*, provides consumers with a private right of action against a person or business who engages in "any unfair, abusive, and deceptive trade practice" as defined by statute. *Id.* §§ 13-303 (defining practices generally prohibited), 13-408 (providing private right of action). The MPCA defines "[u]nfair, abusive, or deceptive trade practices" as any "false, falsely disparaging, or misleading oral or written statement, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers[.]" *Id.* § 13-301(a). "[A]ny person may bring an action to recover for injury or loss sustained . . . as a result of" such a misrepresentation. *Id.* § 13-408(a). Courts have interpreted § 13-408(a) to require proof that a consumer relied on the misrepresentation. *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 532 (D. Md. 2011). Thus, "[t]o state a claim under the MCPA, 'the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation." *Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 450 (D. Md. 2013) (citing *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007)). Reliance occurs when "the plaintiff would have acted differently but for the representation." *Van Buren v. Walmart, Inc.*, 611 F. Supp. 3d 30, 40 (D. Md. 2020), *aff'd*, 855 F. App'x 156 (4th Cir. 2021).

5

Young alleges that State Farm, "through its CEO Jon Farney, engaged in deceptive business practices in violation of the [MCPA]" by its "wrongful reporting" of information to LexisNexis. ECF 50-1, at 3. Young does not allege that he relied on any misrepresentation of State Farm or that he would have acted differently but for State Farm's misrepresentation. At best, third-parties—namely, LexisNexis and Progressive—relied on State Farm's misrepresentation. This is insufficient to state a claim under the MPCA. *See Lloyd*, 916 A.2d at 277 (collecting cases); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 769 (D. Md. 2012), *aff'd*, 528 F. App'x 297 (4th Cir. 2013) (dismissing MCPA claim for alleged failure to personally execute foreclosure documents "because Plaintiffs fail[ed] to allege facts that demonstrate Defendants' actions were material and relied upon by Plaintiffs"). The MPCA claim is dismissed.

### 2. Count II: Fraud

To state a claim for fraud under Maryland common law, a plaintiff must allege:

> 1) that the defendant made a false representation to the plaintiff, 2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, 3) that the misrepresentation was made for the purpose of defrauding the plaintiff, 4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and 5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Van Buren*, 611 F. Supp. 3d at 40. Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting the fraud." "To satisfy Rule 9(b)'s heightened pleading standard, a plaintiff must allege facts establishing the 'who, what, when, where, and how' of the claimed fraud." *In re Municipal Mortg. & Equity, LLC, Sec. & Derivative Litig.*, 876 F. Supp. 2d 616, 625 (D. Md. 2012) (quoting *United States ex rel Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)). Fraud claims that fail to comply with Rule 9(b) warrant dismissal under Rule 12(b)(6). *Van Buren*, 611 F. Supp. 3d at 35.

6

Young has not met the pleading requirements of Rule 9(b) or 12(b)(6). Young's fraud claim fails at the first element. Young alleges that State Farm "made knowingly false representations to the Plaintiff and third parties by reporting a false claim." ECF 50-1, at 3. But the false representations Young identifies were made only to third-parties, not to him. By his own words, Young confirms that State Farm never made a misrepresentation to him: He alleges he "was neither notified by State Farm nor Progressive of the claim" reported to LexisNexis. ECF 50-1, at 3. Young's fraud claim also fails on the third element—"that the misrepresentation was made for the purpose of defrauding the plaintiff." *See Van Buren*, 611 F. Supp. 3d at 40. Young does not plausibly allege that State Farm knew Young or his business before it misreported the accident or that State Farm misreported the accident for the purposes of defrauding Young.

Young does not plausibly plead that State Farm made a false misrepresentation for the purpose of defrauding him. Young fails to meet the basic and heightened pleading requirements. The fraud claim is dismissed.

### 3. Count III: Breach of Contract

To state a breach of contract claim under Maryland law, a plaintiff must allege that (1) the defendant owed the plaintiff a contractual obligation, (2) the defendant breached that obligation, and (3) the plaintiff was damaged by the breach. *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020). Further, "[i]t is well-established in Maryland that a complaint alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC Ne., LLC v. BAA Md., Inc.*, 994 A.2d 430, 440 (Md. 2010).

Young fails to allege that State Farm owed him any contractual obligation. According to the complaint, Young was a "customer of Progressive," not of State Farm. ECF 50-1, at 3. Young

7

alleges that by failing to properly investigate the accident, "State Farm breached its implied duty of good faith and fair dealing." *Id.* Maryland does not recognize a standalone cause of action for such a breach. *Mount Vernon Props., LLC v. Branch Banking & Tr. Co.*, 907 A.2d 373, 381–82 (Md. Ct. Spec. App. 2006). Allegations that a party breached the implied duty of good faith and fair dealing must be pursued as a component of a breach of contract claim. *Id.* Because Young does not allege that he had a contractual relationship with State Farm, he has failed to state a claim for breach of contract. The breach of contract claim is dismissed.

### 4. Count IV: Intentional Infliction of Emotional Distress ("IIED")

To state a claim for IIED under Maryland law, a plaintiff must plead that the defendant engaged in conduct that was both "intentional or reckless" and "extreme and outrageous," that there is "a causal connection between the wrongful conduct and the emotional distress," and that the emotional distress was "severe." *Lasater v. Guttmann*, 5 A.3d 79, 89 (Md. Ct. Spec. App. 2010) (quoting *Harris v. Jones*, 380 A.2d 611 (Md. 1977)). Stated slightly differently, a plaintiff must allege the defendant "desire[d] to inflict severe emotional distress" and knew that "such distress [was] certain, or substantially certain, to result from [its] conduct" or "the defendant act[ed] recklessly in deliberate disregard of a high degree of probability that the emotional distress [would] follow." *Haines v. Vogel*, 249 A.3d 151, 163 (Md. Ct. Spec. App. 2021) (quoting *Harris*, 380 A.2d at 614). To satisfy the "extreme and outrageous" requirement, the conduct "must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Batson v. Shiflett*, 602 A.2d 1191, 1216 (Md. 1992)). Liability for this tort "should be imposed sparingly and 'its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" *Id.* (quoting *Figueiredo-Torres v. Nickel*, 584 A.2d 69, 75 (Md. 1991), and noting, as of 2021, "[a] claim for IIED has been sustained

8

in Maryland four times"). Courts have found cognizable IIED claims when an "HIV-positive surgeon operated on the appellants without their knowledge of his disease"; a "psychologist engaged in sexual relations with plaintiff's wife during the time he was counseling the couple"; a "physician with herpes had sex with nurse without informing her that he had the disease and infected her"; and a "workers' compensation insurer insisted that claimant submit to psychiatric evaluation for the 'sole purpose' of harassing her and forcing her to drop her claim or commit suicide." *Id.* at 163–64.

Young does not plausibly allege an IIED claim against State Farm. In conclusory terms, Young recites some elements of the claim in his complaint: "The Defendant's conduct was extreme, outrageous, and beyond the bounds of decency. The wrongful reporting of the false claims and the threats of insurance cancellation were calculated to cause, and did cause, severe emotional distress and mental anguish to the Plaintiff." ECF 50-1, at 3. But Young does not allege that State Farm's conduct was intentional or that State Farm knew or should have known that severe emotional distress would result from its reporting an accident to LexisNexis. State Farm's alleged conduct is not so extreme and outrageous that it "go[es] beyond all possible bounds of decency." *See Haines*, 249 A.3d at 159. Nor is the alleged conduct "regarded as atrocious, and utterly intolerable in a civilized community." *See id.* at 163. Moreover, Young fails to allege a causal connection between State Farm's conduct and the emotional distress he suffered because of Progressive's threats to cancel his insurance. State Farm did not make those threats; Progressive did. Young has not alleged an IIED claim against State Farm. The claim is dismissed.

    **5.    Count V: Negligence**

To state a negligence claim under Maryland law, Young must allege: "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty,

9

3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty." *Steamfitters Loc. Union No. 602 v. Erie Ins. Exch.*, 233 A.3d 59, 72 (Md. 2020) (quoting *Rowhouses, Inc. v. Smith*, 133 A.3d 1054, 1066 (Md. 2016)). The Court determines whether a duty exists as a matter of law. *Id.* "Absent a duty of care, there can be no liability in negligence." *Walpert, Smullian & Blumenthal, P.A. v. Katz*, 762 A.2d 582, 587 (Md. 2000); *see also Stewart*, 859 F. Supp. 2d at 767 (dismissing negligence claim when "it [was] unclear what duty Defendants owed to Plaintiffs").

A duty is "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward one another." *100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co.*, 60 A.3d 1, 10 (Md. 2013) (quoting *Blondell v. Littlepage*, 991 A.2d 80, 94 (Md. 2010)). And "whether 'an actionable duty exists represents a policy question of whether the specific plaintiff is entitled to protection from the acts of the defendant.'" *Id.* (quoting *Blondell*, 991 A.2d at 94). Courts are reluctant to extend tort liability in new contexts. *See, e.g., Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 155 A.3d 445, 459–62 (Md. 2017) (declining to extend tort liability in the context of construction projects "because the complex web of contractual arrangements predominates and injecting a tort duty is not in the public interest"); *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1108–09 (Md. 1999) (declining to extend tort duty owed by insurance agency to third-party beneficiaries after insurance agency failed to procure liability insurance for insured); *Erie Ins. Co. v. Chops*, 585 A.2d 232 (Md. 1991) (declining to extend tort liability where a statute already imposed a duty on automobile insurers to notify motor vehicle administration of cancellation of automobile insurance policy and "the statute did not create a legally cognizable duty running from [insurer] to all persons who might thereafter suffer economic damage by reason of involvement in an accident with an uninsured motorist").

The Maryland Supreme Court has developed a test to determine whether to recognize a duty:

> [T]wo major considerations are: the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties. Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability. This intimate nexus is satisfied by contractual privity or its equivalent. By contrast, where the risk created is one of personal injury, no such direct relationship need be shown, and the principal determinant of duty becomes foreseeability.

*Jacques v. First Nat'l Bank of Md.*, 515 A.2d 756, 759 (Md. 1986) (footnotes and citations omitted).

Because State Farm's alleged conduct "create[d] a risk of economic loss only," Young must allege an intimate nexus between himself and State Farm to adequately allege State Farm owed him a duty. *See id.*; *see also Erie Ins. Co.*, 585 A.2d at 236 ("[I]n the absence of some indication of a contrary intention on the part of the legislature, a tort duty ordinarily will be recognized only where there is 'an intimate nexus between the parties.'" (quoting *Jacques*, 515 A.2d at 759)).[3] The intimate nexus may be satisfied by contractual privity, but Young has not alleged contractual privity. State Farm was not his insurer. So Young cannot establish an intimate nexus by contractual privity.

To allege an intimate nexus without contractual privity, a plaintiff must plausibly allege they had such a close relationship with the defendant that they relied on the defendant's exercise of due care. *Balfour Beatty*, 155 A.3d at 456. An intimate nexus is more likely to exist when "the

---

[3] Although Young alleges personal injuries in the form of emotional distress and mental anguish, the economic loss doctrine still applies because Young's injuries did not result from State Farm's negligence but from the actions of a third party—his own insurer, Progressive. *See Jones*, 741 A.2d at 1109 (finding "economic loss only" in action against insurance agent when plaintiffs were injured by negligently uninsured driver); *Erie Ins. Co.*, 585 A.2d at 236 (applying intimate nexus test when automobile insurer negligently failed to notify insured of lapse in policy resulting in injuries to driver involved in accident with uninsured).

11

defendant knew or should have known of the plaintiff's reliance." *Id.* at 457 (finding that the defendant–bank had a duty to process the plaintiff's application with reasonable care given both the bank's close relationship with the plaintiff and the bank's knowledge that the plaintiff relied on the bank's service). That is, the plaintiff should be *foreseeable* to the defendant. *See id.* at 455; *Walpert*, 762 A.2d at 596 ("[T]he rationale underlying the requirement of privity . . . [is] to avoid 'liability in an indeterminate amount for an indeterminate time to an indeterminate class.'" (quoting *Ultramares Corp. v. Touche*, 174 N.E. 441, 444 (N.Y. 1931)). If, however, the plaintiff is one of an "'indeterminate class of persons,' there [is] no privity or close enough relationship to hold the [defendants] liable for negligence." *100 Inv. Ltd.*, 60 A.3d at 11 (citation omitted). So, ultimately, "context is critical." *Balfour Beatty*, 155 A.3d at 457.

Young has not alleged that he and State Farm have such a close relationship that he relied on State Farm's exercise of due care in reporting accidents or that State Farm knew or should have known that Young would rely on its accident reporting. Young has not alleged that he was a foreseeable plaintiff to State Farm such that State Farm owed him a duty of care. Young was "simply [a] member[] of the general public who could have become involved in an accident with [State Farm's insured]." *Erie Ins. Co.*, 585 A.2d at 236. The Court is not aware of any case in which a court has held that an insurer owes a duty to someone who is not its insured when the insurer reports an accident to a third party. Young has failed to allege State Farm owed him duty. Because Young has not alleged a duty, he has not stated a claim for negligence. His negligence claim is dismissed.

### 6. Count VI: Defamation

"In order to plead properly a defamation claim under Maryland law, a plaintiff must allege specific facts establishing four elements to the satisfaction of the fact-finder[.]" *Piscatelli v. Van*

*Smith*, 35 A.3d 1140, 1147 (Md. 2012). These include: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Id.* (quoting *Indep. Newspapers, Inc. v. Brodie*, 966 A.2d 432, 448 (Md. 2009)). "[A] 'defamatory statement' is one that tends to expose a person to 'public scorn, hatred, contempt, or ridicule,' which, as a consequence, discourages 'others in the community from having a good opinion of, or associating with, that person.'" *Id.* (quoting *Brodie*, 966 A.2d at 448). "A defamatory statement must also 'refer to some ascertained or ascertainable person, and that person must be the plaintiff.'" *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 269 (4th Cir. 2022); *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757 (D. Md. 2015) ("To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement."); *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 568 (D. Md. 2019) (stating that a plaintiff alleging defamation "must provide more than vague and hazy allegations").

Young has not alleged that State Farm made a defamatory statement. Young alleges that State Farm "wrongfully reported the incident to" LexisNexis and reported "a claim that did not involve the Plaintiff." ECF 50-1, at 2, 4. From these allegations, the Court can plausibly infer that State Farm misreported that Young was involved in a car accident when he was not. Still, Young fails to identify the actual statement that State Farm made. *See Total Recon Auto Ctr., LLC v. Allstate Ins. Co.*, 705 F. Supp. 3d 520, 525–26 (D. Md. 2023) (dismissing defamation claim for failure to plead statement "with adequate detail"); *State Farm*, 381 F. Supp. 3d at 568 (dismissing defamation claim because it "provide[d] only a bare-bones rendering of what State Farm supposedly said"). Young also fails to plead specific facts from which the Court can reasonably infer that the statement was defamatory. A false statement that someone was involved in a car

accident, without more, would not reasonably "tend[] to expose a person to public scorn, hatred, contempt, or ridicule[.]" *Piscatelli*, 35 A.3d at 1147 (internal quotation omitted). Young has not adequately alleged State Farm's statement tended to expose him to public scorn, hatred, contempt, or ridicule. The defamation claim is dismissed.

### 7. Count VII: Tortious Interference with Business Relations

In Maryland, a claim of tortious interference with prospective business or economic relations has four elements: "(1) intentional and wilful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause (which constitutes malice); and (4) actual damage and loss resulting." *Kaser v. Fin. Prot. Mktg., Inc.*, 831 A.2d 49, 53 (Md. 2003) (quoting *Willner v. Silverman*, 71 A. 962, 964 (Md. 1909)). "[I]n the absence of a breach of contract," as here, the plaintiff must plead malicious or wrongful interference. *Id.* (quoting *Nat. Design, Inc. v. Rouse Co.*, 485 A.2d 663, 674 (Md. 1984)). To plead malicious or wrongful conduct, the plaintiff must allege an intentional act that was "independently wrongful or unlawful, quite apart from its effect on the plaintiff's business relationships." *Id.* (quoting *Alexander & Alexander Inc. v. B. Dixon Evander & Assocs., Inc.*, 650 A.2d 260, 271 (Md. 1994)). Qualifying conduct includes "violence or intimidation, defamation, injurious falsehood or other fraud, violation of criminal law, and the institution or threat of groundless civil suits . . . in bad faith." *Alexander & Alexander*, 650 A.2d at 271. The plaintiff must identify the "possible future relationship which is likely to occur, absent the interference, with specificity." *Mixter v. Farmer*, 81 A.3d 631, 638 (Md. Ct. Spec. App. 2013) (quoting *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 546 (D. Md. 2006)).

Young does not allege the first element of the claim: intentional wrongful acts. Young alleges that State Farm's "wrongful reporting interfered with [his] contractual relationships with

14

Progressive and the FMCSA, causing [him] to lose business and income." ECF 50-1, at 4. He further claims that the interference was "intentional and unjustified." *Id.* But to plead tortious interference with prospective business relations against State Farm (with whom he has no contractual relationship), Young must plead "independently wrongful or unlawful" conduct. *Kaser*, 831 A.2d at 53. Young has pleaded, in conclusory terms, that State Farm committed defamation, fraud, and other violations of Maryland common law. However, the Court has already found that Young has failed to state a claim for this allegedly wrongful or unlawful conduct. "Because [Young] has failed to plausibly allege that [State Farm] committed an intentional wrongful or unlawful act to interfere with [Young]'s business, [Young] has failed to plead tortious interference with prospective advantage." *See Total Recon Auto Ctr., LLC*, 705 F. Supp. 3d at 527. The claim for tortious interference with business relations is dismissed.[4]

## IV.    Dismissal with Prejudice

Young has had four attempts to state viable claims, and each time, he has failed to do so—even after State Farm has identified deficiencies in his complaint. Because Young had the opportunity to amend his pleading in response to the perceived deficiencies and he filed an amended complaint that still failed to state a plausible claim for relief, dismissal is with prejudice. *See Harvey*, 48 F.4th at 269 ("Where a plaintiff fails to state a claim in his amended complaint

---

[4] In his complaint, Young labeled Count VII "Tortious Interference with Business Relations," but he argues State Farm interfered with his "contractual relationships." ECF 50-1, at 4. Tortious interference with contractual relations is a separate tort that requires a plaintiff to plead: "(1) the existence of a contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional interference with that contract; (4) hindrance to the performance of the contract; and (5) resulting damages to the plaintiff." *Total Recon Auto Ctr., LLC*, 705 F. Supp. 3d at 517. If Young intended to bring a claim for tortious interference with contractual relations in Count VII, he has not adequately stated a claim. He has not pleaded that State Farm knew about his insurance contract with Progressive or that State Farm intended to interfere with his contract with Progressive. *See id.*

15

after having been 'advised with specificity of the legal deficiencies' in the initial complaint, dismissal with prejudice is appropriate." (quoting *Watkins v. Wash. Post*, No. PWG-17-818, 2018 WL 805394, at *8 (D. Md. Feb. 9, 2018))); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (court need not provide opportunity to amend if amendment would be futile); *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend." (citation omitted)); *Ostrzenski v. Seigel*, 177 F.3d 245, 253 (4th Cir. 1999) (noting court need not grant leave to amend where amendment would be futile).

### V. Conclusion

State Farm's motion to dismiss, ECF 26, is granted; Young's motion for leave to file third amended complaint, ECF 50, is granted; and Young's motion to expedite, ECF 55, is denied as moot. A separate Order shall issue.

Dated: March 26, 2025

_____
Deborah L. Boardman
United States District Judge

16